UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAUDO FOFANA,

          Plaintiff,

v.

WARDEN NWDC, *et al*,

          Defendants.

Case No. C09-5344BHS-KLS

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for August 14, 2009

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*. Because plaintiff appears to have sufficient funds with which to pay the $350.00 Court filing fee, the undersigned recommends the Court deny his application.

## DISCUSSION

The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an

REPORT AND RECOMMENDATION
Page - 1

application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Denial of *in forma pauperis* status is not unreasonable when a litigant is able to pay the initial expenses required to commence a lawsuit. See Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the court to proceed *in forma pauperis*, plaintiff, a detainee at the federal Northwest Detention Center, located in Tacoma, Washington, is asking the government to incur the Court filing fee because he allegedly is unable to afford the costs necessary to proceed with his civil rights action. In his application to proceed *in forma pauperis*, plaintiff indicates that during the twelve months proceeding his filing thereof, he had not received any money. The "Account Activity Ledger" plaintiff submitted with his application, though, shows that from between January 27, 2009, and June 2, 2009, he received 10 deposits for a total of $676.00, and that as of June 23, 2009, he had an account balance of $812.39.

Although it is not clear from what source(s) plaintiff his receiving the above funds, it is clear that he has received an average of $135.00 a month over the five months immediately preceding the filing of his application – with no indication that such receipt will not continue in the near future – and that he has more than enough funds in his account – more than $800.00 at this time – to pay the $350.00 Court filing fee. Further, given the fact that a detainee's basic needs are provided for while detained at the NWDC, it certainly is not unreasonable to expect plaintiff to pay the Court filing fee from those funds.

## CONCLUSION

Because it is reasonable to expect plaintiff to incur the costs to proceed with this action, the undersigned recommends the Court dismiss his complaint unless he pays the required $350.00 filing fee **within thirty (30) days** of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **August 14,**

1 | **2009**, as noted in the caption.

2 | Dated this 16th day of July, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3